# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LUV N' CARE, LTD. | Civil Action No. |
| Plaintiff, | |
| v. | |
| MUNCHKIN, INC., | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Luv n' care, Ltd. ("LNC" or "Plaintiff"), for its Complaint for Declaratory Relief against Defendant Munchkin, Inc. ("Munchkin" or "Defendant") alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## NATURE OF THE CASE

This is an action for declaratory judgment for non-infringement of U.S. Patent No. 8,739,993 (the "'993 patent"), entitled "Container For Spillproof Container Assemblies," which issued from U.S. Patent Application Serial No. 13/192,438 on June 3, 2014.  This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

1.     Plaintiff Luv 'n care, Ltd. is a corporation organized and existing under the laws of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

2.      Defendant Munchkin, Inc. is a Delaware corporation with its principal place of business at 7835 Gloria Avenue, Van Nuys, California 91406.  Upon information and belief, Munchkin is the owner by assignment of the '993 patent.

## JURISDICTION AND VENUE

3.      This is an action for Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201, and 2202.

5.      This Court may declare the rights and other legal relations of the parties in this action under 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57, because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendant.

6.      This Court has personal jurisdiction over Defendant and venue is proper in this District pursuant to 28 U.S.C. § 1391(c).  This Court also has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution.  Upon information and belief, Defendant purposefully sells products, such as its line of CLICK LOCK cups, allegedly covered by one or more claims of the '993 patent, in retail establishments located within the State of Texas and within this District.  Upon further information and belief, Defendant has maintained and continues to maintain affiliations with the State of Texas that are so continuous and systematic as to render them essentially at home within this forum.

## STATEMENT OF FACTS

7.      Plaintiff is one of the leading baby product companies in the world today. Plaintiff and its Nûby™ brand are well known throughout the United States and foreign

countries as a result of the popular products that it has designed, introduced, and commercialized in interstate and international commerce for use by babies, young children and mothers.

8. Defendant is also involved in the manufacture and sale of infant and children's products and is a direct competitor of Plaintiff and its Nûby™ brand.

9. Upon information and belief, Munchkin is the owner of U.S. Trademark Registration No. 4,319,032 for the mark CLICK LOCK LEAK-PROOF TECHNOLOGY 100% GUARANTEE and design for bowls, cups and household containers for foods.

10. Defendant's products include a line of cups sold in connection with the CLICK LOCK LEAK-PROOF TECHNOLOGY 100% GUARANTEE mark ("CLICK LOCK products").

11. Plaintiff's products, sold under its Nûby™ brand, includes a line of cups sold under the trademark CLIK IT! ("CLIK IT! cups").

12. On September 16, 2013, Defendant sued Plaintiff in the Unites States District Court for the Central District of California in an action styled *Munchkin Inc. v. Luv n' care, Ltd. and Admar International, Inc.*, Civil Action No. 13-cv-06787-JEM ("Munchkin's California Action"). The Complaint alleges (1) federal trademark infringement, (2) federal unfair competition, (3) common law trademark infringement, (4) unfair competition under Cal Bus. & Prof. Code § 17200 and (5) common law unfair competition. A copy of the Complaint (without exhibits) in Munchkin's California Action is attached as Exhibit A. The subject of Munchkin's trademark and unfair competition allegations are LNC's CLIK IT! cups.

13. Fact discovery in Munchkin's California Action is presently scheduled to be completed by September 15, 2014.

14. On June 3, 2014, the '993 patent issued.

15. In connection with negotiations over an extension of the fact discovery deadline in Munchkin's California Action, LNC's counsel of record received a letter dated July 31, 2014 from Munchkin's counsel of record. A copy of the July 31, 2014 letter is attached as Exhibit B.

16. For the first time, Munchkin, through its counsel, informed LNC that the '993 patent had issued and that Munchkin would seek to amend the Complaint in Munchkin's California Action to include "a claim for infringement of U.S. Patent No. 8,739,993" for "LNC products that are currently accused in this case." See Exhibit B. A copy of the '993 patent is attached as Exhibit C.

17. Included with the July 31st letter, was a proposed First Amended Complaint, a copy of which is attached as Exhibit D.

18. The proposed First Amended Complaint alleges (1) federal unfair competition (trademark) (2) federal unfair competition (trade dress), (3) California common law trademark infringement, (4) unfair competition under Cal. Bus. & Prof. Code § 17200; (5) common law unfair competition, and (6) patent infringement. As with the original Complaint, the subject of Munchkin's trademark and unfair competition allegations are LNC's CLIK IT! cups. The proposed First Amended Complaint, in relevant part, adds a new allegation of infringement of the '993 patent by these very same products.

19. As set forth in the proposed First Amended Complaint in the Munchkin California Action, Defendant alleges that "Nuby [Luv n' care, Ltd.] is infringing at least one claim of the '993 Patent in violation of 35 U.S.C. § 271(a) by making, offering to sell, and/or importing its CLIK-IT line of cups in the United States." Exhibit D, First Amended Complaint, ¶ 62.

20. LNC's CLIK IT! cups do not infringe, and have not infringed, any alleged patent rights of Defendant, including any rights set forth in the '993 patent.

21. The July 31st letter (Exhibit B) and the proposed First Amended Complaint which Defendant will seek to have filed in the Munchkin California Action (Exhibit D), represent an actual, substantial, and justiciable controversy between Plaintiff and Defendant of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. Defendant has made threats against Plaintiff sufficient to create a reasonable apprehension of suit involving allegations of infringement of the '993 patent involving Plaintiff's CLIK IT! cups. Defendant has further stated its intention to actually file allegations of infringement of the '993 patent against Plaintiff in the Munchkin California Action.

22. Plaintiff has a real and present apprehension that Munchkin will carry through on its stated intent to sue Plaintiff for infringement of the '993 patent involving its CLIK IT! cups whether in the Munchkin California Action or in a separately filed civil action.

## COUNT 1

**DECLARATORY JUDGMENT REGARDING
ALLEGATIONS OF PATENT INFRINGEMENT**

23. Plaintiff incorporates by reference, as if fully rewritten herein, the facts and allegations set forth in paragraphs 1 through 23, above.

24. There is an actual, substantial, justiciable and immediate controversy between Plaintiff and Defendant concerning Defendant's intent to amend the existing Complaint in Munchkin's California Action, to allege infringement of the '993 patent by Plaintiff's CLIK IT! cups.

25. Declaratory relief is necessary and appropriate in this case because these allegations place a cloud of uncertainty over Plaintiff's business activities related to the assertion of the '993 patent and will cause uncertainty among customers, prospective customers, suppliers,

and others in the marketplace, likely leading Plaintiff and/or its related activities to lose sales and business opportunities to a direct competitor.

26. Plaintiff's CLIK IT! cups do not infringe, literally or under the doctrine of equivalents, any claims of the '993 patent, as alleged by Defendant.

27. Plaintiff is entitled to a judgment declaring that the manufacture, use, sale, offering for sale, and/or importing into the United States of Plaintiff's CLIK IT! cups is and has been lawful, and otherwise declaring that Plaintiff has not infringed any valid rights, if any exist, that Defendant may hold under the '993 patent.

## COUNT II

### DECLARATORY JUDGMENT OF PATENT INVALIDITY

28. Plaintiff incorporates by reference, as if fully rewritten herein, the facts and allegations set forth in paragraphs 1 through 27, above.

29. There is an actual, substantial, justiciable and immediate controversy between Plaintiff and Defendant concerning Defendant's intent to amend the existing Complaint in Munchkin's California Action, to allege infringement of the '993 patent by Plaintiff's CLIK IT! cups.

30. Declaratory relief is necessary and appropriate in this case because these allegations place a cloud of uncertainty over Plaintiff's business activities related to the assertion of the '993 patent and will cause uncertainty among customers, prospective customers, suppliers, and others in the marketplace, likely leading Plaintiff and/or its related activities to lose sales and business opportunities to a direct competitor.

31. Plaintiff is entitled to a judgment declaring that each claim of the '993 patent is invalid for failure to comply with one or more of the requirements and conditions for

patentability set forth in the patent laws, 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

32. As a direct and proximate result of Defendants' threats and allegations of patent infringement against products made, used, sold, offered for sale, and/or imported into the United States by or for Plaintiff, Plaintiff is likely to suffer and will suffer irreparable injury to its reputation and goodwill in an amount that cannot presently be ascertained and cannot be compensated adequately by monetary relief alone.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201, Plaintiff prays for relief and entry of judgment by this Court as follows:

A. Declaring that the manufacture, use, sale, offer for sale and/or importation into the United States by Plaintiff of its CLIK IT! cups has not infringed and is not infringing, either literally or under the doctrine of equivalents, any purported patent rights of Defendant in the '993 patent, and otherwise has not violated any provision of the patent laws of the United States;

B. Declaring that each claim of the '993 patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103 and/or 112.

C. Permanently enjoining Defendant, its successors, assigns and others acting in concert with it, from asserting or attempting to enforce the '993 patent against Plaintiff or its related entities with respect to Plaintiff's CLIK IT! cups and any other product currently or previously made, used, imported, sold and/or offered for sale by Plaintiff or its related entities;

D. Finding in favor of Plaintiff and declaring this case to be exceptional pursuant to 35 U.S.C. § 285;

E. For an award of Plaintiff's attorneys' fees and other costs and expenses;

    F.    For an award of interest to the extent permitted by law; and

    G.    For such other relief as the Court may deem just and proper.

Dated:  August 5, 2014                                                                 Respectfully submitted,

Of Counsel:                                                                                         By: */s/ Deron R. Dacus*
                                                                                            Deron R. Dacus
                                                                         State Bar No. 00790553

Joe D. Guerriero                                        **THE DACUS FIRM, P.C.**
General Counsel                                       821 ESE Loop 323
**LUV N' CARE, LTD.**                              Suite 430
3030 Aurora Avenue                           Tyler, TX  75701
Monroe, LA  71201                            Tel. No.:  903-705-1117
Tel No.:  (318) 338-3603                    Fax No.:  903-705-1117 or 903-581-2543
Fax No.:  (318) 388-5892                    Email:  *ddacus@dacusfirm.com*
Email:  joed@nuby.com

                                                                         Attorneys for Plaintiff
                                                                         Luv n' care, Ltd.